## JAMES J. WHELAN
*vs.*
## ALEX W. LINDSTROM

Superior Court          Fairfield County          File No. 71300

MEMORANDUM FILED OCTOBER 24, 1945.

Finkelstone & Finkelstone, of Bridgeport, for the Plaintiff.

William Hadden, Attorney General, and Brennan & Gaffney, of Hartford, for the Defendant.

QUINLAN, J.   This is an action by James J. Whelan against Axel W. Lindstrom, both appearing in their individual capacities. The action was started September 25, 1945, and made returnable to the Superior Court at the November Term. Section 199 of the General Statutes, Revision of 1930, provides for the appointment of county commissioners as follows: "There shall be three county commissioners in each county, who shall be appointed by the general assembly and shall hold office for four years from the first day of October next following their appointment. The general assembly, at its regular session in the year 1931, and quadrennially thereafter, shall appoint two commissioners in each county, and at its regular session in the year 1933, and quadrennially thereafter, shall appoint one commissioner in each county."

The General Assembly at its 1945 session failed to make an appointment. The plaintiff was appointed for the period of four years from October 1, 1941. The defendant claims to be the successor in that office.

Section 95e of the 1939 Supplement to the General Statutes makes provision for the length of term of certain appointed officers "until his successor shall be appointed and shall have qualified." Through this provision the plaintiff claims to continue in office.

The court was urged in oral argument and by brief to consider none of the substantive matter of the plaintiff's complaint and relief demanded but to issue a temporary injunction merely to preserve the status quo. Ordinarily title to office is determined by the special proceeding of quo warranto, but notwithstanding, this action in the nature of declaratory judgment was instituted in the time and day recited.

Section 5334 of the General Statutes, Revision of 1930, provides for a declaratory judgment in a very general way and that section has been implemented by rules of court (Practice Book [as amd.] §§249-253). It may be noted that section 5334 provides that "such declaration [the judgment] shall have the force of a final judgment." Subdivision c of section 250 of the Practice Book, under the heading "Conditions", says the Superior Court will not render declaratory judgments "where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure."

Professor Borchard in his work on Declaratory Judgments (2nd ed. 1941), at page 438, says: "Two recent cases indicate the new emphasis on the declaratory judgment as the vital element of relief and the injunction as a mere implementation, often unnecessary, of the adjudication. As we shall observe in a subsequent chapter, an injunction against a public officer or against a municipal corporation is a superfluous command, for it is hardly necessary for one department of the government to enjoin another, to insure obedience to the law declared by the court."

Professor Borchard, no one will dispute, is probably the outstanding exponent of the process of declaratory judgment in this country, and by inserting the foregoing quotation I would not have it appear that he does not have belief in declaratory actions to try title to office. Chapter XIII of the same edition covers this subject. However, he uses restrained language. He says (p. 858): *"There is no reason why\* two*

\* Italics added.

contesting claimants to the same office cannot try the question of title by declaratory action, notwithstanding the opinion of a lower New York court [*Brush vs. City of Mt. Vernon,* — Misc. —, 20 N.Y.S. (2d) 455, affd. 260 App. Div. 1048, 24 N.Y.S. (2d) 355] that the title to office can only be challenged by the Attorney General by a proceeding in *quo warranto*." In other words, he does not make the positive statement that it can be used, and the citation he uses shows, it would seem, why he fails to do so.

In the case of *Sheils vs. Flynn,* 163 Misc. (N.Y.) 506, the plaintiff had instituted a proceeding before the Attorney General for the commencement of a quo warranto, who ruled that it would not lie. Plainly resort having been had to quo warranto, there was little remedy left unless by declaratory judgment. The case of *Hanover vs. Boyd,* 173 Tenn. 426, was presented in the alternative as an election contest under the Tennessee Code, or for a declaration of rights. The high court held it was an election contest. The case of *Kelly vs. Woodlee,* 175 Tenn. 181, was in chancery, and it does not appear that any question was raised as to the procedure.

Significantly too, the Administration of Justice (Miscellaneous Provisions) Act, 1938 (1 & 2 Geo. VI, c. 63), abolished quo warranto in England and substituted injunction with declaratory relief. This leads to a consideration of an English case cited by Professor Borchard, viz., *Everett vs. Griffiths,* (1924) 1 K.B. 941, 956. I am in accord with Mr. Justice McCardie (in the present state of our law) and I cannot improve on his observations. He says: "The matter of novelty does not press me unduly. Procedure and substantive law should alike be capable of expansion. Rigidity of law is not a merit in a growing nation. But there are here other considerations than mere novelty. Here is a question of substituting an action with all its particular character for quo warranto with its special features and requirements and history. The vista is a wide one. If such an action as this can be brought, why not an action for a certiorari to justices to bring up and quash a conviction or an action for prohibition directed to a county court or a Court of summary jurisdiction?"

It is noticeable too, that in 1938 when quo warranto was abolished in England (Administration of Justice Act, *supra*) it was provided: "No proceedings for an injunction under this section shall be taken by a person who would not immediately

before the commencement of this Act have been entitled to apply for an information in the nature of quo warranto."

A board of county commissioners consists of three members, any two of whom may bind the board. No overt physical act, and no exclusion from the office, books or papers has been employed against the plaintiff. Indeed he was given notice of a meeting. Internal strife or disagreement among the members of the board concerns the political aspect of government, not the judicial. Moreover, any condition that exists was known in early June, but no move was made to declare any rights or title until the end of September by a return to the November term of court.

There is lacking the special reasons which might warrant a temporary injunction, adverted to in *Hinckley* vs. *Breen,* 55 Conn. 119. In any event a permanent injunction could be granted only after the determination of the title to office action. That case says "a bill in chancery cannot be substituted" for quo warranto. Section 5535 of the General Statutes, Revision of 1930, excludes quo warranto from the provisions of the Practice Act.

Accordingly, the fact that England, which moves progressively but soundly, passed legislation abolishing quo warranto before according the benefit of declaratory relief for an applicable state of facts is ample reason why our democratic form of government should conform to sound procedure; the fact that Professor Borchard refers to the injunctive relief as an implementation and the declaratory feature as the vital one, prompts cautious approach to the creation of possible precedents, which a disregard of the substantive nature of this complaint and the chief relief sought, in favor of a temporary injunction based upon the papers, might reasonably be expected to result. Again, as previously suggested, subdivision c of section 250 of the Practice Book excludes declaratory judgments "where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure."

From the foregoing if ought readily be seen that the defendant in this proceeding cannot be excused from moving promptly to the remedy of quo warranto. His delay is unexplainable.

The motion for a temporary injunction is denied.